UNITED STATES of America,
Plaintiff–Appellee,

v.

Ofelia HERRERA, Defendant–Appellant.

No. 90–5777.

United States Court of Appeals,
Eleventh Circuit.

May 16, 1991.

Stewart G. Abrams, Miami, Fla., for defendant-appellant.

Dexter Lehtinen, U.S. Atty., Miami, Fla., Linda Collins Hertz, Anne Ruth Schultz, Karen E. Rochlin, Asst. U.S. Attys., for plaintiff-appellee.

Before KRAVITCH and BIRCH, Circuit Judges, and DYER, Senior Circuit Judge.

DYER, Senior Circuit Judge:

Herrera appeals her conviction for importation and possession with intent to distribute cocaine in violation of 21 United States Code, Sections 952(a) and 841(a)(1). She contends that the evidence was insufficient to sustain her conviction, and that it was error to sentence her to a term of imprisonment without credit for the time she was subject to pre-trial electronic monitoring. We affirm.

### Statement of the Case

Prior to trial, Herrera was released on a $50,000 personal surety bond with the special condition that she remain at her residence under electronic monitoring, and was only to leave her residence for medical or religious purposes, for trial preparation with her attorney, and for travel between her house in New York and the Southern District of Florida for court appearances.

Herrera received a trial by jury. At the conclusion of the government's case, she moved for a judgment of acquittal which the court denied. She was found guilty on both counts. She was sentenced to a term of imprisonment of one hundred months without credit for two months pre-trial time subject to electronic monitoring.

### Analysis

To determine whether sufficient evidence supports the conviction, we must view the evidence in the light most favorable to the government and decide whether a reasonable fact finder could have reached a conclusion of guilt beyond a reasonable doubt. *United States v. Perez*, 922 F.2d 782, 784 (11th Cir.1991). A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt. *United States v. Bonavia*, 927 F.2d 565 (11th Cir.1991).

The application of the law to sentencing issues is subject to *de novo* review by this court. *United States v. Chotas*, 913 F.2d 897 (11th Cir.1990) (per curiam).

### Discussion
Sufficiency of the Evidence

The only element of the government's proof that Herrera claims is insufficient is evidence of intent and knowledge that she possessed cocaine. She relies on her testimony that she did not know that cocaine was in her two suitcases. We find, however, that there was compelling circumstantial evidence that Herrera knew that she was smuggling cocaine in her suitcases and that she intended to distribute it.

When Herrera disembarked at the Miami International Airport, where her flight arrived from Colombia, a customs inspector observed that she was rigid and tense. After she retrieved two unusually heavy hard-sided Samsonite bags, she headed for the customs primary inspection area. The inspector showed his badge and upon questioning confirmed that the two suitcases were, in fact, hers. Herrera said that she lived in New York, however, her customs declaration form gave her address as Patterson, New Jersey. When questioned about this she became evasive and nervous. She was asked to go to a secondary examination table and became increasingly nervous and gave inconsistent answers to routine questions concerning her travel arrangements. The inspector found indications of fake compartments in one of Herrera's suitcases. Even when emptied of all

contents, the suitcases were unusually heavy. As a result, the inspector probed one suitcase with a knife and found a white powdery substance concealed in the side of the bag. A field test indicated that the substance was cocaine. The same procedure was repeated for the second suitcase which also contained a substance that a field test showed to be cocaine. That suitcase also had a strong odor of fresh fiberglass.

Herrera was warned of her *Miranda* rights by a narcotics agent who was called to the scene. In explanation of her possession of the suitcases, she stated that when she arrived in Colombia her luggage was torn and the locks ripped off. A friend agreed to lend her the two suitcases. She noticed that they were unusually heavy. This friend told Herrera that when she returned to her home in Brooklyn, New York, she would be contacted by an unknown individual who would claim the suitcases. He would get in touch with her because he had no telephone. She acknowledged that she knew people in Colombia who would make suitcases with secret compartments, and that this was done so that drugs could be smuggled into the United States. She offered to cooperate to help catch the people in New York.

Herrera's airline ticket was for transit from New York to Colombia and return via Miami. It was paid for in cash with the return left open. She first stated that her ex-husband had purchased the ticket. Later she said that her common-law husband had bought it for her. Finally, she admitted that she had provided the money and that a friend had purchased the ticket for her.

A laboratory examination of the substances seized from the suitcases revealed that it consisted of 4.683 kilograms of cocaine with a street value of approximately $100,000. This created a strong inference that this kind of an investment would have been disclosed to the courier in order to insure its safe and careful handling. Moreover, the amount of cocaine was consistent with distribution and not individual use.

Herrera's credibility was for the jury to determine. It was its prerogative to disbelieve some, all, or none of her testimony. *United States v. Sharif,* 893 F.2d 1212, 1214 (11th Cir.1990). It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. *United States v. Sanchez,* 722 F.2d 1501, 1505 (11th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2396, 81 L.Ed.2d 353 (1984). Intent to import cocaine, and knowledge of importation, can be proved solely by circumstantial evidence. *E.g., United States v. Restrepo–Granda,* 575 F.2d 524 (5th Cir.), *cert. denied,* 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978).

We conclude that the evidence was sufficient to sustain the jury's verdict.

Release on Bond Under Electronic Monitoring

The district court refused to grant Herrera credit for the two months she was on bond subject to electronic monitoring while awaiting trial "because it is a request by the defendant to be released on other than custodial arrangement I do not believe it is appropriate to get time served". She argues that this "detention" entitles her to credit for time spent pursuant to 18 United States Code, Section 3585. This statute provides in pertinent part:

(b) Credit For Prior Custody

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed....

The question of the exhaustion of administrative remedies was not raised by either party in the district court. It is now raised for the first time by the government. In *United States v. Lucas,* 898 F.2d 1554 (11th Cir.1990) (per curiam), this court held that the Attorney General has the initial discretion to determine credit for the defendant's time in custody prior to imposition of

sentence, and that he has delegated the right to make the determination to the Bureau of Prisons. "The Bureau has established regulations governing formal review of inmate complaints relating to any aspect of imprisonment. *See* 28 C.F.R. §§ 542.10 to .16 (1989). These regulations ... set out the procedures that prisoners must pursue prior to seeking relief in the district court." The court further held "that exhaustion of these administrative remedies is jurisdictional". *Id.* at 1556. We must therefore address this issue.

In Herrera's Presentence Report the Probation Officer stated:

> As reflected in Paragraph 2 of the presentence investigation, this officer contacted Steve Jalbert, legal technician, with the Bureau of Prisons. Mr. Jalbert related that, pursuant to Title 18, USC 3585, credit is awarded for time spent in physical custody in a jail type institution. This matter remains unresolved.

Herrera argues that this telephone call made by the Probation Officer to the Bureau of Prisons is tantamount to her compliance with the requirement of exhaustion of the administrative remedy. We disagree.

The Regulations are clear and specific. The Administrative Remedy Procedure requires those at the institutional, regional and central offices to conduct an investigation into each complaint or appeal (§ 542.11(a)(3)); requires inmates to informally present their complaints to staff who must attempt to informally resolve any issue before the inmate files a request for administrative remedy (§ 542.13(a)); and if the inmate is unable to resolve his complaint he may file a formal written complaint (§ 542.13(b)). The Warden is required to file a response. If the inmate is not satisfied he may appeal to the Regional Director. If he is not satisfied with the Regional Director's response, he may appeal to the General Counsel. (§§ 542.14, 542.15). If, and only if, the defendant has pursued his administrative remedy may he seek relief in the district court. This Herrera failed to do. The district court was without jurisdiction to entertain Herrera's application for credit time.

### Conclusion

The judgment of conviction and the sentence imposed upon Herrera is

AFFIRMED.