[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-15418
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-22319-CV-PCH

BOBBY EARL KEYS,

Petitioner-Appellant,

versus

UNITED STATES DEPARTMENT OF JUSTICE,
UNITED STATES ATTORNEY GENERAL, Alberto Gonzales, et al.,

Respondents-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida
_____
(June 22, 2005)

Before TJOFLAT, ANDERSON and WILSON, Circuit Judges.

PER CURIAM:

Petitioner appeals a district court judgment denying his petitioner for a writ

of habeas corpus, which he brought under 28 U.S.C. § 2241. His petition

challenges the Bureau of Prisons's application of good-time credit on the ground that the Bureau is ignoring the statutory command, see 18 U.S.C. § 3624(b), that a prisoner is eligible for 54 days of such credit, by awarding only 47 days of credit.

Prisoners seeking habeas relief pursuant to § 2241 are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir.), cert denied, 124 S.Ct. 2112 (2004). In the civil context, the inadequate nature of an administrative remedy does not preclude the application of a mandatory exhaustion requirement. See Alexander v. Hawk, 159 F.3d 1321, 1325-28 (11th Cir. 1998).

We have described the Administrative Remedy Program ("ARP"), 28 C.F.R. § 542.10, as follows:

> The [BOP] . . . established regulations governing formal review of inmate complaints relating to any aspect of imprisonment. See 28 C.F.R. §§ 542.10 to .16 (1989). These regulations . . . set out the procedures that prisoners must pursue prior to seeking relief in the district court.
> . . .
> If, and only if, the defendant has pursued his administrative remedy may he seek relief in the district court.

United States. v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991) (internal quotations and citations omitted). In Herrera, after noting that exhaustion of administrative remedies is jurisdictional and must be addressed, we held that, because the

defendant had failed to pursue his administrative remedy, "[t]he district court was without jurisdiction to entertain [the defendant's] application for credit time." Id.

Petitioner failed to exhaust his administrative remedies with the Bureau of Prisons, as required by the ARP, prior to filing his petition in the district court. The court therefore lacked jurisdiction to consider the petition and should have dismissed it. We accordingly vacate the district court's judgment and remand the case with instructions to dismiss the petition without prejudice so that petitioner may exhaust his administrative remedies.

VACATED AND REMANDED.