[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14201
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 11, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00061-CR-T-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHERRY FANNING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 11, 2010)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Sherry Fanning was convicted of one count of conspiracy to defraud the

United States by making materially false statements to the Department of Housing and Urban Development ("HUD"), in violation of 18 U.S.C. § 371, and ten counts of making materially false statements to HUD, in violation of 18 U.S.C. § 1001(a)(2). She appeals her conviction under the conspiracy count. Fanning argues that there was insufficient evidence to convict her on that count because the government failed to establish, with only a Lanett Housing Authority ("LHA") agent's testimony, that she had collaborated and actually carried out the conspiracy with her son, Kelly Fanning ("Kelly"). Fanning asserts that her own testimony refuted the LHA agent's testimony. Alternatively, Fanning submits that the fact that she and Kelly were merely present at the LHA agent's office was insufficient to prove their involvement in the conspiracy.

We review *de novo* a district court's denial of a motion for judgment of acquittal. United States v. Browne, 505 F.3d 1229, 1253 (11th Cir. 2007). In determining whether sufficient evidence supports the conviction, we "must view the evidence in the light most favorable to the government and decide whether a reasonable fact finder could have reached a conclusion of guilt beyond a reasonable doubt." United States v. Herrera, 931 F.2d 761, 762 (11th Cir. 1991). Furthermore, a "jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a

reasonable doubt." Id. Similarly, the "evidence need not be inconsistent with every reasonable hypothesis except guilt, and the jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial." United States v. Hernandez, 896 F.2d 513, 517 (11th Cir. 1990) (quotation omitted). Credibility questions are answered by the jury, and we will assume that the jury answered them in a manner that supports its verdict. United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006). Further, when a defendant testifies at trial, the jury is free to disbelieve the defendant and to consider her statements as substantive evidence of guilt. United States v. Ellisor, 522 F.3d 1255, 1272 (11th Cir. 2008).

To prove a conspiracy under 18 U.S.C. § 371, the government must establish beyond a reasonable doubt: (1) "the existence of an agreement to achieve an unlawful objective"; (2) "the defendant's knowing and voluntary participation in the conspiracy"; and (3) "the commission of an overt act in furtherance of it." United States v. Jordan, 582 F.3d 1239, 1246 (11th Cir. 2009) (quotation omitted). Direct evidence is not required to prove participation in a conspiracy since the crime of conspiracy is "predominantly mental in composition" and "it is frequently necessary to resort to circumstantial evidence." United States v. Garcia, 405 F.3d 1260, 1270 (11th Cir. 2005) (quotation omitted). Therefore, "a common purpose

3

and plan may be inferred from a development and collocation of circumstances." United States v. Perez-Tosta, 36 F.3d 1552, 1557 (11th Cir. 1994) (quotations omitted). Even though presence is a material and probative factor, mere association with co-conspirators or presence at the scene of crime is insufficient to prove participation in a conspiracy. Hernandez, 896 F.2d at 518.

The district court did not err in denying Fanning's motion for a judgment of acquittal because sufficient evidence supports her conspiracy conviction. We will not disturb the jury's decision to credit the LHA agent's testimony over Fanning's. Additionally, because Fanning does not contest the sufficiency of evidence regarding her convictions on Counts 2 to 11, she has abandoned any argument as to those claims. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998) (holding that an issue is abandoned if the defendant fails to proffer argument on its merits on appeal).

**AFFIRMED.**[1]

---

[1] Fanning's motion for substitution of brief is denied because it was submitted after Appellee's brief was submitted. See 11th Cir. R. 31-1(b) ("A motion to file a replacement brief generally will be denied if an opposing party has already filed an appellee's principal brief . . . .").