[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 15, 2010
JOHN LEY
CLERK

_____

No. 09-15178
Non-Argument Calendar

_____

D. C. Docket No. 09-00039-CR-ORL-19DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TREVORTON ST. AUBIN FACEY,
a.k.a. Israel,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 15, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Trevorton St. Aubin Facey, through counsel, appeals his convictions for

(1) possession of a firearm and ammunition as an illegal alien, 18 U.S.C. §§ 922(g)(5) and 924(a)(2) (Count One); (2) possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Two); and (3) possession of a firearm in furtherance of the marijuana offense, 18 U.S.C. § 924(c)(1)(A) and (c)(2) (Count Three). Facey makes three arguments on appeal: (1) the district court clearly erred in denying his challenge, which was based on *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986), to the government's peremptory strike of a potential juror during *voir dire*; (2) the district court abused its discretion in allowing a government witness to provide cumulative testimony regarding the marijuana found in Facey's bedroom; and (3) the district court erred in denying his motion for judgment of acquittal as to Counts One and Three because there was insufficient independent corroborating evidence of his extrajudicial admissions to prove beyond a reasonable doubt that he possessed the firearm at issue.

## I. *BATSON* CHALLENGE

We review jury selection *de novo* under *Batson*, but we review the district court's underlying factual findings for clear error. *United States v. Campa*, 529 F.3d 980, 992 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 2790 (2009). The Constitution forbids a prosecutor from challenging potential jurors solely on

2

account of their race. *Id*. at 997. Our analysis of a *Batson* challenge involves three steps:

> (1) the objector must make a *prima facie* showing that the peremptory challenge is exercised on the basis of race; (2) the burden then shifts to the challenger to articulate a race-neutral explanation for striking the jurors in question; and (3) the trial court must determine whether the objector has carried its burden of proving purposeful discrimination.

*Id.* at 998 (quotation omitted). The district court "cannot ignore the *prima facie* showing requirement." *United States v. Allen-Brown*, 243 F.3d 1293, 1297 (11th Cir. 2001). Specifically, no party is entitled to an explanation for the peremptory strike "unless and until" a *prima facie* showing of racial discrimination has been made. *Id.* (quotation omitted).

Once the objecting party makes a *prima facie* showing, the burden shifts to the striking party to provide, in clear and reasonably specific terms, a legitimate, race-neutral reason for striking the juror. *Batson*, 476 U.S. at 97, 98 n.20, 106 S.Ct. at 1723, 1724 n.20. "After the government articulates such reasons, the court must evaluate the credibility of the stated justifications based on the evidence placed before it." *United States v. Houston*, 456 F.3d 1328, 1335 (11th Cir. 2006). We defer to a district court's findings as to the "genuineness" of the prosecutor's proffered reasons. *See United States v. Walker*, 490 F.3d 1282, 1294 (11th Cir. 2007). The objecting party may carry its burden by showing that the striking

3

party's race-neutral reason is a mere pretext for discrimination. *Miller-El v. Cockrell*, 537 U.S. 322, 338-39, 123 S. Ct. 1029, 1040 (2003). The objector retains the ultimate burden of proving intentional discrimination at all times. *Houston*, 456 F.3d at 1335.

Here, the prosecutor articulated two race-neutral explanations for striking the juror in question: (1) the juror gave a "long-winded explanation" as to why she could not be fair, and (2) the juror was a minister, and the prosecutor claimed that he typically avoids including ministers in the jury panel.[1] The district court granted the peremptory challenge and dismissed the juror, stating that, even though the juror subsequently claimed that she could be fair, her demeanor in explaining why she could not be fair was convincing. Because we defer to the district court's findings as to the "genuineness" of the prosecutor's proffered reasons, and because there is no evidence indicative of an improper motive by the prosecutor in exercising the peremptory strike, we hold that the district court did not clearly err in accepting the prosecutor's race-neutral explanations and finding that Facey failed to satisfy his burden of proving purposeful discrimination. We therefore

---

[1] We note that issue of whether Facey made a sufficient *prima facie* showing of discrimination is moot because the district court *sua sponte* invited the prosecutor to provide race-neutral reasons for striking Giles. *See United States v. Edouard*, 485 F.3d 1324, 1342-43 (11th Cir. 2007) (stating that because "the district court considered the prosecution's non-discriminatory reasons for exercising the strikes and thereafter overruled each of [the defendant's] objections . . . the question of whether [the defendant] made out the prima facie case is moot").

4

reject Facey's *Batson* challenge.

## II. CUMULATIVE EVIDENCE

"We review a district court's evidentiary rulings for an abuse of discretion." *United States v. Eckhardt*, 466 F.3d 938, 946 (11th Cir. 2006). "The trial court is vested with broad discretion in ruling upon the relevancy and admissibility of evidence." *United States v. Anderson*, 872 F.2d 1508, 1515 (11th Cir. 1989). Moreover, "[a]n evidentiary ruling will stand unless the complaining party has shown a substantial prejudicial effect." *United States v. Breitweiser*, 357 F.3d 1249, 1254 (11th Cir. 2004) (quotations omitted). We will reverse an erroneous evidentiary ruling "only if the resulting error was not harmless." *United States v. Dickerson*, 248 F.3d 1036, 1048 (11th Cir. 2001) (quotation omitted). An error is harmless if it "had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *Id.* (quotation omitted).

Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Presentation of cumulative evidence exists where testimony of several witnesses would be the

same, and one witness's testimony would be sufficient. *See United States v. Haynes*, 554 F.2d 231, 234 (5th Cir. 1977)[2] (holding that the district court did not abuse its discretion in limiting testimony to only one witness where additional witnesses would have provided the same testimony).

Here, even assuming that the testimony of several witnesses was the same such that the testimony constituted cumulative evidence, that testimony did not substantially influence the outcome of the case. Specifically, any cumulative testimony regarding the discovery of marijuana was harmless because Facey conceded in his opening statement that he had been selling marijuana at the residence. Facey has failed to show how any such cumulative testimony adversely affected his convictions. Therefore, we hold that the district court did not commit reversible error because, even if it abused its discretion in failing to exclude the testimony at issue, any error in admitting the testimony was harmless in light of the fact that the testimony did not affect the outcome of the trial.

### III.  SUFFICIENCY OF THE EVIDENCE

We review *de novo* a district court's denial of a motion for judgment of

---

[2]  In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

acquittal on sufficiency of evidence grounds. *United States v. Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007). In determining whether sufficient evidence supports a conviction, we "must view the evidence in the light most favorable to the government and decide whether a reasonable fact finder could have reached a conclusion of guilt beyond a reasonable doubt." *United States v. Herrera*, 931 F.2d 761, 762 (11th Cir. 1991). Furthermore, a "jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *Id.*

Count One charged Facey with a violation of 18 U.S.C. § 922(g)(5), which criminalizes possession in or affecting commerce of a firearm or ammunition by a person who, being an alien, is illegally or unlawfully in the United States. 18 U.S.C. § 922(g)(5). Count Three charged Facey with a violation of 18 U.S.C. § 924(c)(1)(A), which, in relevant part, makes it a crime for any person knowingly to possess a firearm in furtherance of a drug-trafficking crime. 18 U.S.C. § 924(c)(1)(A); *see United States v. Brantley*, 68 F.3d 1283, 1289 (11th Cir. 1995). Here, Facey only challenges whether the government presented sufficient evidence that he possessed the firearm at issue.

"[A] conviction must rest upon firmer ground than the uncorroborated admission or confession of the accused." *Wong Sun v. United States*, 371 U.S.

7

471, 488-89, 83 S. Ct. 407, 418 (1963).  The Supreme Court, in considering the extent of corroborating evidence necessary to sustain a conviction based on an admission, has held that the corroborative evidence need not be sufficient, independent of the admission, to establish the entire *corpus delicti*, but instead only has to corroborate the credibility of the admission itself.  *Opper v. United States*, 348 U.S. 84, 93, 75 S. Ct. 158, 164 (1954).  Likewise, the Supreme Court has held that "[a]ll elements of the offense must be established by independent evidence or corroborated admissions, but one available mode of corroboration is for the independent evidence to bolster the confession itself and thereby prove the offense through the statements of the accused."  *Smith v. United States*, 348 U.S. 147, 156, 75 S. Ct. 194, 199 (1954) (quotation omitted).  Therefore, when the government relies on an accused's statement to support a conviction, independent evidence must corroborate the statement by establishing its "truth, trustworthiness and reliability."  *United States v. Micieli*, 594 F.2d 102, 109 (5th Cir. 1979).  If independent evidence corroborates the statement in this way, the corroborated statement alone may prove the elements of the offense that are not proven by other evidence.  *Id.*

Here, independent evidence was introduced at trial to corroborate each statement involved in Facey's admission, such that the admission itself may be

8

considered true, trustworthy, and reliable. *See id.* The corroborated admission and independent evidence are sufficient to establish that Facey possessed the .357 revolver involved in both Counts One and Three. We therefore hold that the district court did not err in denying Facey's motion for judgment of acquittal as to Counts One and Three because, taken together, his corroborated admissions and independent evidence established that he possessed the firearm involved in both offenses.

Based on our review of the record and consideration of the parties' briefs, we affirm Facey's convictions.

**AFFIRMED.**