[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15943
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00184-CR-J-32HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LONNIE LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 28, 2010)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Lonnie Lewis, through counsel, appeals his conviction for

conspiracy to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). Lewis raises two arguments on appeal: (1) the district court erred in denying his motion for judgment of acquittal because there was a material variance between the charge in the indictment and the actual proof introduced by the government at trial; and (2) the district court abused its discretion in precluding him from cross-examining adverse government witnesses regarding the factual bases contained in their respective plea agreements.

**A.**    *Material Variance*

We review *de novo* a district court's denial of a motion for judgment of acquittal. *United States v. Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007). In determining whether sufficient evidence supports a conviction, "we must view the evidence in the light most favorable to the government and decide whether a reasonable fact finder could have reached a conclusion of guilt beyond a reasonable doubt." *United States v. Herrera*, 931 F.2d 761, 762 (11th Cir. 1991). Furthermore, "[a] jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *Id.*

"A material variance between an indictment and the government's proof at trial occurs if the government proves multiple conspiracies under an indictment

2

alleging only a single conspiracy." *United States v. Moore*, 525 F.3d 1033, 1042 (11th Cir. 2008) (internal quotation marks omitted). We will not reverse a conviction based on an allegation of a material variance between the charged indictment and the proof shown at trial, unless the variance was (1) material and (2) substantially prejudicial. *United States v. Coy*, 19 F.3d 629, 633 (11th Cir. 1994). Specifically, this two-step analysis requires us to determine (1) whether a reasonable jury, viewing the evidence in the light most favorable to the government, could have found beyond a reasonable doubt that a single conspiracy existed, and (2) whether the defendant suffered any substantial prejudice if more than one conspiracy did indeed exist. *Id.*

In determining whether a reasonable jury could find only one conspiracy existed, we consider the following factors: "(1) whether a common goal existed, (2) the nature of the scheme underlying the crimes charged, and (3) the overlap of participants." *Id.* (internal quotation marks omitted). "Separate transactions are not necessarily separate conspiracies, so long as the conspirators act in *concert* to further a common goal." *Moore*, 525 F.3d at 1042 (internal quotation marks omitted) (alteration in orginal).

Regarding the second step, we have held that substantial prejudice occurs when

3

> (1) the proof at trial differs so greatly from the charges in the indictment that the defendant is unfairly surprised and has an inadequate opportunity to prepare a defense, or (2) if there are so many defendants and so many separate conspiracies before the jury that there is a substantial likelihood that the jury transferred evidence from one conspiracy to a defendant involved in another conspiracy.

*Coy*, 19 F.3d at 634 (quotation omitted). It is the defendant's burden to demonstrate prejudice. *See United States v. Calderon*, 127 F.3d 1314, 1328 (11th Cir. 1997).

We hold that the district court did not err in denying Lewis's motion for judgment of acquittal because (1) there was sufficient evidence to permit the jury to conclude that Lewis was involved in a single overarching conspiracy, as alleged in the indictment, and (2) even assuming that no reasonable jury could have found that he had participated in a single conspiracy, he fails to show that he was substantially prejudiced by the alleged material variance.

**B.    *Limitation on Cross-examination***

We review a district court's restrictions on cross-examination for an abuse of discretion. *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1371 (11th Cir. 1994). "The trial court is vested with broad discretion in ruling upon the relevancy and admissibility of evidence." *United States v. Anderson*, 872 F.2d 1508, 1515 (11th Cir. 1989). Moreover, "[a]n evidentiary ruling will stand unless the complaining party has shown a substantial prejudicial effect." *United States v.*

4

*Breitweiser*, 357 F.3d 1249, 1254 (11th Cir. 2004) (internal quotations marks omitted).

The Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. However, the Sixth Amendment right to confrontation is not absolute. *United States v. Deeb*, 13 F.3d 1532, 1537 (11th Cir. 1994). In other words, while defendants have the right to cross-examine witnesses effectively, *Pointer v. Texas*, 380 U.S. 400, 404, 85 S. Ct. 1065, 1068 (1965), they do not have the right to cross-examine witnesses "in whatever way, and to whatever extent, the defense might wish," *Kentucky v. Stincer*, 482 U.S. 730, 739, 107 S. Ct. 2658, 2664 (1987) (internal quotation marks omitted). Trial judges "retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, . . . prejudice, confusion of the issues, . . . or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S. Ct. 1431, 1435 (1986).

We hold that the district court did not abuse its discretion in precluding Lewis from cross-examining government witnesses regarding the factual bases contained in their plea agreements because (1) their testimony would have been

misleading and only marginally relevant, and (2) the district court allowed Lewis to extensively cross-examine those witnesses and admitted the factual bases into the record. Therefore, based on a careful review of the record and the parties' briefs, we affirm Lewis's conviction.

**AFFIRMED.**