[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11724
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 5, 2010
JOHN LEY
CLERK

D. C. Docket No. 1:08-cr-00295-IPJ-RRA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY DARREN LECROY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 5, 2010)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Jimmy Darren Lecroy was convicted of possessing less than 50 grams of methamphetamine with intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); carrying a firearm during and in relation to that drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possessing a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g)(1). Lecroy contends the district court plainly erred by admitting his brother's testimony under Federal Rule of Evidence 404(b). Lecroy also contends there was insufficient evidence for the jury to have found him guilty and the district court erred in denying his motion for judgment of acquittal.

I.

The government called Lecroy's brother as a witness and he testified that Lecroy used and sold methamphetamine around the time of Lecroy's arrest. He also testified that Lecroy occasionally carried a shotgun—a firearm not charged in the indictment. Lecroy did not object to that testimony at trial. He argues the district court plainly erred by admitting that testimony because it was evidence of other bad acts offered only to prove character and show he acted in conformity with that character. He also argues that, even if that testimony was properly admitted for other purposes under Rule 404(b), the district court plainly erred because he did not receive notice of the evidence before trial.

2

Plain error review requires a defendant to show "(1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (quoting United States v. Cotton, 535 U.S. 625, 631, 122 S.Ct. 1781, 1785 (2002)). To affect substantial rights the error must affect the outcome of the trial. United States v. Edouard, 485 F.3d 1324, 1343 n.7 (11th Cir. 2007). Even if those three demanding conditions are met, we may correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Rodriguez, 398 F.3d at 1298 (quoting Cotton, 535 U.S. at 631–32, 122 S.Ct. at 1785).

Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove a person's character in order to show the person acted in conformity with that character. Fed. R. Evid. 404(b). Evidence of other crimes, wrongs, or acts is admissible, however, if offered to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Id. The government must also provide reasonable advance notice of the general nature of such evidence if requested by a defendant in a criminal trial.[1] See id.

A.

---

[1] We will treat it as though Lecroy made a request because the district court's standing discovery order required the government to provide notice.

The district court did not plainly err by admitting the testimony of Lecroy's brother.  Lecroy made intent and knowledge issues in the case by choosing to plead not guilty and go to trial.  See United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998) ("A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent . . . ."); United States v. Jernigan, 341 F.3d 1273, 1281 n.7 (11th Cir. 2003) ("[B]y pleading not guilty, [the defendant] placed [the knowledge] element of the § 922(g) offense in issue.").  The government was entitled to use Rule 404(b) evidence to meet its burden of proof because Lecroy did not take affirmative steps to remove intent or knowledge as issues.  See Zapata, 139 F.3d at 1358.  Evidence of his other drug dealing was relevant to the issue of whether Lecroy intended to distribute the drugs he possessed at the time of his arrest.  See United States v. Diaz-Lizaraza, 981 F.2d 1216, 1224 (11th Cir. 1993) ("[E]vidence of [the defendant's prior] arrest for possessing marijuana with intent to distribute was relevant to the issue of his intent to conspire to possess and distribute cocaine in the present case.").  Evidence that Lecroy possessed another firearm is relevant to whether, at a later date, he knowingly possessed a firearm.  See Jernigan, 341 F.3d at 1281–82 ("Put simply, the fact that [the defendant] knowingly possessed a firearm in a car on a previous occasion makes it more likely that he knowingly did

4

so this time as well, and not because of accident or mistake."). Accordingly, the district court did not err, much less plainly err, in admitting the evidence that Lecroy dealt methamphetamine around the time of his arrest and carried a firearm on other occasions.

Even if we assume that admission of that evidence was an error that was plain, we find that the admission of the evidence did not affect the outcome of the trial. The government introduced plenty of other evidence to meet its burden of establishing Lecroy's guilt. Two eyewitnesses testified they saw an object being thrown from the window of a vehicle Lecroy was found driving shortly after the object was thrown. Law enforcement agents later confirmed the object thrown from Lecroy's vehicle was a bag containing methamphetamine and a handgun. The government showed Lecroy made incriminating statements to a federal agent about purchasing and possessing the handgun that he threw out of the window of his car before he was stopped by police. Lecroy's brother testified he sold Lecroy that handgun in exchange for methamphetamine and cash. In light of all of that evidence, Lecroy failed to show that the district court's admission of testimony about Lecroy's previous involvement with methamphetamine and his possession of a shotgun affected his substantial rights by affecting the outcome of the trial. See Rodriguez, 398 F.3d at 1299.

B.

Lecroy also argues he did not receive notice of this Rule 404(b) evidence before trial.[2] The record, however, tells a different story. It shows that the government notified Lecroy at the outset of trial of its intent to elicit testimony from witnesses regarding conduct related to Lecroy's possession charges; that Lecroy was given a statement before trial from his brother; and that Lecroy was aware his brother was on the government's witness list at least four days before trial began and five days before his brother took the stand. Lecroy clearly had notice that the government intended to introduce evidence of his other bad acts through his brother's testimony.

II.

Lecroy also argues the evidence was insufficient to establish guilt because it failed to show he had actual or constructive possession of the methamphetamine. We review de novo the sufficiency of the evidence, viewing all evidence, reasonable inferences, and credibility choices in favor of the verdict. United

---

[2] Fed. R. Evid. 404(b) requires "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown." Lecroy, however, only argues he received no notice, not that his notice was unreasonable or that it violated the terms of the district court's standing discovery order. Lecroy's failure to raise these arguments waives both issues and we need not address their merits. Hall v. Thomas, 611 F.3d 1259, 1289 n.40 (11th Cir. 2010); Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

States v. Greer, 440 F.3d 1267, 1271 (11th Cir. 2006). A jury verdict cannot be set aside "if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." United States v. Herrera, 931 F.2d 761, 762 (11th Cir. 1991).

That there was enough evidence to establish Lecroy's guilt is an understatement. As we have already mentioned, two eyewitnesses saw an object thrown out of the window of a dark vehicle owned by Lecroy. A deputy sheriff stopped the same vehicle and found Lecroy driving it shortly after the object was thrown. Another deputy sheriff recovered a black bag from where witnesses said the object was thrown, and in it he found methamphetamine and a handgun along with other common tools of the drug trade. The serial number on the handgun found in the bag matched the serial number on a gun manufacturer's box found in the trunk of Lecroy's car. Lecroy's brother testified he sold the handgun to Lecroy and that Lecroy was dealing methamphetamine at the time of the events in question. Lecroy admitted to a federal agent that he owned and possessed the handgun thrown from the vehicle. He also told the agent he had purchased the handgun in exchange for methamphetamine and cash. Lecroy's statements to the agent also suggested he was dealing methamphetamine around the time of his

arrest. From this evidence the jury reasonably found Lecroy guilty beyond a reasonable doubt.

**AFFIRMED.**