[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12210
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20663-CMA-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THEOPHILUS JAMES KEATON,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 25, 2013)

Before TJOFLAT, MARTIN and KRAVTICH, Circuit Judges.

PER CURIAM:

Theophilus Keaton was convicted after a jury trial on three counts:

possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§

922(g)(1) and 924(e) (Count 1); possession of controlled substances with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 2); and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3).  Keaton was sentenced to 360 months' imprisonment. He now appeals, arguing the evidence presented at trial was insufficient to support his convictions.[1]

## I.

We recite the following facts adduced at trial in the light most favorable to the verdict.  In April 2011, Officers James Randle and Pierre Chery of the Miami Police Department were patrolling the area around the Liberty Square apartment complex in marked police vehicles.  Randle spotted a suspicious man, later identified as Keaton, who appeared to be trying to avoid detection.  Randle got out of his vehicle to investigate, and Keaton ran.  Randle and Chery pursued Keaton, and Randle ultimately arrested him.

---

[1] Keaton also contends that the imposition of his sentence violated his Fifth and Sixth Amendment rights because his prior convictions were not alleged in the indictment and were not found by the jury beyond a reasonable doubt, and that 18 U.S.C. § 922(g) is unconstitutional because it exceeds Congress's authority under the Commerce Clause and the Tenth Amendment. These arguments are squarely foreclosed by binding precedent. *See Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998) (holding that prior convictions need not be alleged in the indictment nor proven beyond a reasonable doubt); *United States v. Scott*, 263 F.3d 1270, 1274 (11th Cir. 2001) (rejecting a Commerce Clause challenge to § 922(g)(1)); *N. Ala. Express, Inc. v. Interstate Commerce Comm'n*, 971 F.2d 661, 666 (11th Cir. 1992) ("Because the Tenth Amendment reserves only those powers not already delegated to the federal government, [it is] violated only if [the law in question] goes beyond the limits of Congress' power under the Commerce Clause.").

At trial, Officer Randle testified that, shortly after beginning to follow Keaton, he observed a bulge in Keaton's waistband that he suspected was a firearm. During the pursuit, Keaton also reached for his waistband and pulled out a sandwich bag, which Randle testified is commonly used to store narcotics. While still carrying the sandwich bag, Keaton ran into the front door of an apartment. Randle ran around to the back of the building from the outside, and observed Keaton, who had apparently exited the apartment, kneeling at the rear exterior wall as if he were disposing of something in the bushes. Keaton then reached into his waistband again, removed a large black object, and threw it near the back exterior wall. He stood up and continued to flee, but Randle apprehended him.

Officer Chery also testified at trial. When Keaton entered the apartment, Chery followed him inside and observed him run through the back door. Chery followed and immediately noticed a firearm in a black holster on the ground just outside the back door of the apartment. Later, Chery located a sandwich bag containing marijuana and powder and crack cocaine in individual baggies hidden under the grass behind the apartment. Officer Kim Ivy also testified, corroborating the testimony that the firearm was found near the back exterior wall of the apartment. He also testified that, upon examining the firearm, he discovered it was loaded and had a bullet in the chamber.

3

The government also offered evidence of Keaton's prior convictions, including his 1997 convictions for carrying a concealed firearm and possession of cocaine with intent to distribute, 2008 convictions for possession of cocaine with intent to distribute and resisting a police officer, and 2009 convictions for possession of cocaine and marijuana with intent to distribute and resisting a police officer.

## II.

"We review the sufficiency of the evidence supporting the jury's verdict *de novo*, but in so doing, we must draw all reasonable inferences in favor of the verdict." *United States v. McGuire*, No. 11-12052, — F.3d — (11th Cir. Jan. 30, 2013).  We cannot overturn the jury's verdict "if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *United States v. Herrera*, 931 F.2d 761, 762 (11th Cir. 1991).

To convict Keaton on Count 1, the government was required to prove that: (1) Keaton was a convicted felon; (2) he knew he was in possession of a firearm and ammunition; and (3) the firearm and ammunition "affected or [were] in interstate commerce." *United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004).  Because the parties stipulated to the first and third elements, only knowing possession was at issue.  We conclude that the government put forth sufficient evidence from which the jury could conclude Keaton knowingly possessed a

firearm and ammunition. Officer Randle testified that he saw a bulge in Keaton's waistband that was consistent with Keaton carrying a firearm. He also testified that he saw Keaton dispose of a black object near the back wall of the apartment. Immediately after, Officer Chery spotted a firearm in a black holster in that location, which Officer Ivy determined was loaded. A jury could reasonably conclude from this evidence that Keaton knowingly possessed a firearm.

Count 2 required the government to prove "(1) knowing (2) possession of a controlled substance (3) with intent to distribute it." *United States v. Farris*, 77 F.3d 391, 395 (11th Cir. 1996). Here too, the government offered sufficient evidence. Officer Randle testified that he saw Keaton carrying a sandwich bag when he entered the apartment and then kneeling behind the apartment moments later apparently hiding something. This is consistent with Officer Chery's recovery of the sandwich bag containing marijuana and powder and crack cocaine under a strip of grass. It was reasonable for the jury to infer Keaton knowingly possessed controlled substances from this testimony. And the government established intent to distribute by reading to the jury a stipulation of Keaton's four prior convictions for possession of controlled substances with intent to deliver, which were probative of Keaton's intent under Fed. R. Evid. 404(b). Further, the jury heard testimony that the drugs were in individually wrapped baggies, which

5

indicated Keaton's intent to distribute.  Accordingly, the evidence presented at trial was sufficient to support the conviction on Count 2.

To convict Keaton on Count 3, the government was required to prove that Keaton "(1) knowingly (2) possessed a firearm (3) in furtherance of any drug trafficking crime for which he could be prosecuted in a court of the United States." *United States v. Woodard*, 531 F.3d 1352, 1362 (11th Cir. 2008).  As discussed above, there was sufficient evidence to conclude that Keaton knowingly possessed a firearm during a drug-trafficking crime.  And the evidence was also sufficient to conclude that possession was in furtherance of the drug-trafficking crime.  The government's evidence indicated that Keaton was carrying a firearm in his waistband, an easily accessible location, while carrying individually packaged drugs.  The firearm agents found was loaded and had a bullet in the chamber. Viewed in the light most favorable to the verdict, the jury could conclude from this evidence that the firearm facilitated Keaton's drug trafficking.  *Cf. id.* (noting that a jury could reasonably infer that a pistol was carried in furtherance of a drug-trafficking crime when it was loaded and easily accessible while the defendant was taking delivery of packages containing marijuana).

### III.

In sum, the evidence offered at trial was sufficient to allow the jury to find Keaton guilty beyond a reasonable doubt on all three counts of the indictment. Accordingly, we affirm Keaton's convictions and sentence.

**AFFIRMED.**