[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15813
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00486-SCB-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALMA LUCRECIA HERNANDEZ-PRECIADO,
a.k.a. La Tia,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 28, 2015)

Before TJOFLAT, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Alma Lucrecia Hernandez-Preciado appeals her convictions and 360-months' total sentence, imposed after she was convicted of one count of conspiracy to possess with intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a)-(b), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 3238; and one count of aiding and abetting possession with intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), 18 U.S.C. §§ 2, 3238, and 21 U.S.C. § 960(b)(1)(B)(ii).  At sentencing, the district court granted Hernandez-Preciado her request of a downward variance to 360-months' imprisonment from an advisory guideline of life imprisonment.

On appeal, Hernandez-Preciado argues that the district court erred in denying her motion for judgment of acquittal because the government's evidence was insufficient to prove beyond a reasonable doubt that she was involved in cocaine trafficking.  She argues that the testimony of the three key government witnesses was unreliable, inconsistent, and incredible.  She also challenges, for the first time on appeal, the Government agent's testimony regarding the meaning of slang words in emails Hernandez-Preciado sent and received.

We review *de novo* a district court's denial of judgment of acquittal based on sufficiency of evidence grounds. *United States v. Capers*, 708 F.3d 1286, 1296

2

(11th Cir.), *cert. denied*, 134 S.Ct. 108, 145, 239 (2013).  We consider the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility in the government's favor. *Id*.  "A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt."  *United States v. Herrera*, 931 F.2d 761, 762 (11th Cir. 1991).   We review issues that are raised for the first time on appeal for plain error only.  *United States v. Smith*, 459 F.3d 1276, 1287 (11th Cir.  2006).  Under plain error review, the defendant must show: "(1) error, (2) that is plain, and (3) that affects substantial rights."  *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotation omitted). We may then exercise our discretion to notice a forfeited error, but only if the error seriously "affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted).  Error is not plain unless it is clear or obvious under current law. *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993).

Determination of a witness's credibility is the exclusive province of the jury. *United States v. Feliciano*, 761 F.3d 1202, 1206 (11th Cir.), *cert.denied*, (U.S. Dec. 1, 2014) (No. 14-6890).  We may not revisit the question of credibility unless the testimony is "incredible as a matter of law," meaning that witnesses could not have

3

possibly observed the facts or that the events discussed could not have occurred under the laws of nature. *Id*. (quotations omitted).

To prove that a conspiracy exists, the government must establish that an agreement existed between two or more persons and that the defendant knowingly and voluntarily participated in it. *United States v. Tinoco*, 304 F.3d 1088, 1122 (11th Cir. 2002). In order to support a conviction for possession with intent to distribute, the government must prove that the defendant had (1) knowing (2) possession of drugs and (3) intent to distribute them. *United States v. Faust*, 456 F.3d 1342, 1345 (11th Cir. 2006).

Any person who aids, abets, or counsels another during the commission of a crime is punished as if that person were a principal to the crime. 18 U.S.C. § 2. To prove guilt under a theory of aiding and abetting, the government must prove: "(1) the substantive offense was committed; (2) the defendant contributed to and furthered the offense; and (3) the defendant intended to aid in its commission." *Capers*, 708 F.3d at 1306-07.

There was sufficient evidence for a reasonable jury to find Hernandez-Preciado guilty on both counts. Viewing the evidence in the light most favorable to the government, a reasonable construction of the evidence supports the jury's determination that Hernandez-Preciado organized, alongside other individuals, the trafficking of cocaine from other countries into Guatemala. *See Herrera*, 931 F.2d

4

at 762.  A reasonable construction of the evidence would also allow the jury to find that Hernandez-Preciado furthered the drug trafficking offense by providing the necessary boat, equipment, and crew members to effectuate the offense.  *See id.*

In addition, the testimony at trial was not "incredible as a matter of law" because the testimonies did not speak to matters the witnesses could not have possibly seen nor involved events that were against the laws of nature.  *See id.* Any inconsistencies or gaps in the testimonies were credibility determinations to be made by the jury.  *See id.*  Reviewing her challenge to the agent's testimony for plain error, we note that the Government did not present the agent as an expert witness at trial.  The jury was free to determine his credibility and he testified about his Spanish language capabilities and background in investigating trafficking, which the jury could use to determine his credibility regarding his understanding of the alleged meaning of the emails.  Viewing his testimony in the light most favorable to the Government, the testimony could have supported a conviction.

Hernandez-Preciado further argues on appeal that the district court abused its discretion by imposing a substantively unreasonable sentence, based only on the amount of cocaine involved and the guideline range.  She argues that the district court failed to consider any of the other facts under § 3553(a), including the nature and circumstances of the offense and the need to provide a just punishment.

Invited error precludes us from reversing. *See United States v. Silvestri*, 409 F.3d 1311, 1327-28 (11th Cir. 2005). "[A] party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Ross*, 131 F.3d 970, 988 (11th Cir. 1997) (quotations omitted). A defendant invites error when she expressly induces or invites the district court to impose a certain sentence. *See United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006).

During the sentencing hearing, Hernandez-Preciado stated that a sentence of 30-years' imprisonment would be sufficient to achieve the purposes of sentencing. She also did not object after the district court sentenced her to this imprisonment term. Therefore, we may not review the substantive reasonableness of her sentence because she invited the error. *See id.*; *Silvestri*, 409 F.3d at 1327-28.

For the above reasons, we affirm Hernandez-Preciado's convictions and sentences.

**AFFIRMED.**