[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13365

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DUSTIN M. HATCHER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:24-cr-00021-MW-MAF-1

_____

Before ROSENBAUM, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Dustin M. Hatcher appeals the denial of his motion for a judgment of acquittal.  A jury convicted Hatcher of: (1) knowingly attempting to persuade, induce, entice, or coerce a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b); and (2) traveling with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b).  Although Hatcher moved for judgment of acquittal at the close of evidence and renewed that motion following the verdict, the District Court denied both motions.  On appeal, he argues the Court erred in denying his motion for judgment of acquittal because the evidence was insufficient for a jury to find that he knew or believed he was dealing with a minor.  After careful review, we affirm.

## I. Background

On February 15, 2024, the Leon County Sheriff's Office and the Florida Department of Law Enforcement initiated an online child-predator sting through an Internet forum called "Fetlife." Fetlife is a social networking website for people interested in fetishistic and fringe sexual practices.  As part of the sting operation, an undercover agent posted a public message in the group "Classifieds for N. Florida and S. Georgia" seeking a third person to engage sexually with a male and female.  The agent included with his message the number for a monitored phoneline.

The next day, Hatcher contacted the agent's Fetlife profile via the forum's internal messaging system. Hatcher indicated his interest in the agent's post, and the agent messaged him to text the monitored phoneline. After introducing themselves via text message, the following discussion occurred:

> Hatcher: "Y'all got any pics?"
>
> Agent: "so before that, would it bother you if me and my girl are related?"
>
> Hatcher: "No that don't bother me none"
>
> Agent: "good! that messes with people i dont get it"
>
> Hatcher: "Lol it's all good"
>
> Agent: "so weve never had a third before, what kinda thing would you be willing to do with us?"
>
> Hatcher: "Can I see y'all pics?"
>
> Agent: "so one last thing, my niece is 14"
>
> Hatcher: "Any pics?"

The agent then sent pictures of a white female and white male, both of whose faces were partially obscured.

Soon afterward, the agent and Hatcher conversed telephonically about meeting that night in Tallahassee, Florida. The agent reiterated that the girl was his niece and that they would engage in a heterosexual three-way, which Hatcher indicated having done before. They agreed to converse further after Hatcher arrived in Tallahassee from Georgia.

Hatcher texted about an hour later that he was entering Florida and asked for pictures of the male and female's faces, which the agent provided. Another telephonic conversation then occurred during which Hatcher spoke to the agent and his "niece," an undercover female agent. In that conversation, Hatcher asked if she "shave[d] [her] kitty bald" and then clarified "your pussy, do you shave your pussy bald?" He also asked whether she was wearing a thong. When the female agent expressed concern about getting pregnant, Hatcher dismissed her concern and responded, "oh we won't do that [inaudible] pullout." Finally, Hatcher asked about the female's breast size. Hatcher agreed to meet them at a Shell gas station where they would talk further.

In text messages after this conversation, the male agent provided the meeting location's address and asked what kind of vehicle Hatcher was driving. Hatcher responded that he was driving a white Chevy truck. This was a lie, however, as he was driving a Ford SUV. After arriving at the meeting location, Hatcher was taken into custody. He was also found in possession of 4.2 grams of methamphetamine. Law enforcement obtained warrants to search the two cellphones recovered from Hatcher's vehicle but discovered no Internet searches for child pornography, messages with children, or other evidence of illicit activity involving minors.

\*          \*          \*

Hatcher was charged with two counts: (1) knowingly attempting to persuade, induce, entice, or coerce a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b); and (2)

traveling with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). He pleaded not guilty to both counts and proceeded to a jury trial. After the Government rested its case, Hatcher moved for a judgment of acquittal. As pertinent to this appeal, he argued that there was insufficient evidence that he knew the female agent was 14 years old because the female's age was mentioned in only one text message which Hatcher did not specifically acknowledge.

The Court denied Hatcher's motion. The Court acknowledged that it would never construe the female agent's picture and voice as belonging to a 14-year-old but explained that "it doesn't matter what I think because I'm not the fact finder." And the Court pointed out that Hatcher received a message during his initial text conversation with the male agent informing him that the female was a minor. Considering the evidence in the light most favorable to the Government, the Court denied the motion.

The jury ultimately returned guilty verdicts on both counts. Hatcher, in a post-trial motion, renewed his motion for judgment of acquittal. The District Court denied the motion, determining that a reasonable jury could conclude from the receipt of the text message indicating the female was 14 years old that Hatcher believed he was engaging with a minor female.

Hatcher timely appeals.

## II. Standard of Review

"We review *de novo* a District Court's denial of judgment of acquittal on sufficiency of evidence grounds, considering the

evidence in the light most favorable to the Government, and drawing all reasonable inferences and credibility choices in the Government's favor." *United States v. Capers*, 708 F.3d 1286, 1296 (11th Cir. 2013) (citation omitted). "A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *United States v. Herrera*, 931 F.2d 761, 762 (11th Cir. 1991) (citation omitted). "The evidence need not be inconsistent with every reasonable hypothesis except guilt, and the jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial." *United States v. Poole*, 878 F.2d 1389, 1391 (11th Cir. 1989) (per curiam) (citation omitted). But when "the government relies on circumstantial evidence, reasonable inferences, not mere speculation, must support the conviction." *United States v. Mendez*, 528 F.3d 811, 814 (11th Cir. 2008) (per curiam) (citation omitted).

## III. Discussion

To convict Hatcher under 18 U.S.C. § 2422(b), the Government had to prove he "(1) had the specific intent to induce a minor to engage in sexual activity, and (2) took a substantial step toward the commission of that offense." *United States v. Gillis*, 938 F.3d 1181, 1190 (11th Cir. 2019) (citations omitted). And to convict him under 18 U.S.C. § 2423(b), the Government had to prove he traveled in interstate or foreign commerce for the purpose of engaging in an illegal sexual act with a minor. *See United States v. Hersh*, 297 F.3d 1233, 1245 (11th Cir. 2002); 18 U.S.C. § 2423(b).

24-13365                Opinion of the Court                7

Hatcher argues on appeal, as he did before the District Court, that the Government failed to prove he knew or believed that the male agent's "niece" was a minor. He points out that he never explicitly acknowledged the male agent's text message providing the age of his "niece" as 14 and that the pictures and voice of the "niece" belonged to an adult. The audio recording of his conversation with the agents could be interpreted as indicating Hatcher's belief that he was interacting with an adult male and a "sexually-experienced woman, not an 8th-grade girl." And no prior convictions or evidence gathered from Hatcher's phones supported that Hatcher had an interest in illicit sexual contact with minors.

When we construe the evidence in the light most favorable to the Government, however, a reasonable factfinder could conclude beyond a reasonable doubt that Hatcher knew or believed he was dealing with a minor. Certainly, the evidence that Hatcher knew the age of the "niece" was slight in quantity: one text message stating that the female was 14 years old. But the evidence presented at trial showed that Hatcher received this message in the course of an active text conversation and that the message was read. Hatcher continued to converse with the male agent, spoke with the female agent about sexual topics, and arranged a sexual rendezvous despite the receipt of a message expressing that the girl was a minor. He then traveled from Georgia to Florida for the purpose of having sex with the female.

As Hatcher argued at trial, the jury could have reasonably believed that he did not see or read that text message. But it was also reasonable for the jury to construe the evidence as indicating Hatcher read the text message and arranged a sexual liaison anyway. This was a "reasonable inference[], not mere speculation . . . ." *Mendez*, 528 F.3d at 814 (citation omitted). The jury ultimately decided against Hatcher's argument as to the text message, and "we are bound by the jury's . . . rejection of the inferences raised by the defendant." *United States v. Peters*, 403 F.3d 1263, 1268 (11th Cir. 2005) (citing *United States v. Glinton*, 154 F.3d 1245, 1258 (11th Cir. 1998)). The jury freely chose among the reasonable constructions of the evidence, ultimately dismissing Hatcher's "reasonable hypothesis of innocence . . . ." *See United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc). That Hatcher reassured the "niece" about a potential pregnancy and lied to the undercover agents about the make and model of his vehicle only buttresses the reasonableness of the jury's conclusion that Hatcher purposed to engage in illicit sexual conduct that night.

This same rationale applies to the pictures sent to Hatcher and to the female agent's voice in the audio recording of Hatcher's conversation with the undercover agents. Certainly, as Hatcher notes, the District Court stated its own opinion that it would never think the picture and voice belonged to a 14-year-old female. But Hatcher elected for a jury to make determinations about and draw inferences from this evidence. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a court . . . ." *Taxinet*

*Corp. v. Leon*, 114 F.4th 1212, 1223 (11th Cir. 2024) (alteration adopted) (internal quotation marks omitted). When presented with the female agent's photo and voice—in context with the text message, Hatcher's conversation with the female, and Hatcher's lie about his vehicle—the jury could reasonably conclude that Hatcher believed they belonged to a 14-year-old female with whom he planned to have a sexual liaison.

Considering all the evidence, then, there was sufficient evidence for a reasonable jury to conclude Hatcher was guilty beyond a reasonable doubt.

### IV. Conclusion

For the foregoing reasons, we affirm.

**AFFIRMED.**