[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11481
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00170-RWS-CCH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL MACALUSO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 9, 2012)


Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Michael Macaluso appeals his convictions and 360-month sentence for inducing a minor to produce pornography, in violation of 18 U.S.C. § 2251(a); distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A); receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A); and attempting to induce a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b). After a thorough review of the record, we affirm.

I. The Offenses

Macaluso was charged with eight counts of child-pornography-related crimes. Counts One through Four involved a fourteen-year-old boy named Jason. According to the evidence at trial, Macaluso contacted Jason through a social networking site and, over time, the two engaged in numerous conversations. At first, the two exchanged clothed photographs, but eventually Macaluso asked Jason to create sexually explicit images and videos. Jason sent Macaluso several images, videos, and drawings. The two continued to communicate until Macaluso's messages became erratic and he began to express suicidal thoughts. Jason then terminated his contact with Macaluso.

Several months later, however, Macaluso contacted Jason again. When Jason refused to make and send additional explicit images and videos, Macaluso

threatened to "out" Jason to his entire school. Jason contacted the police, who eventually traced the email IP address to an apartment shared by Macaluso and his partner Paul Hobbs. A search of that apartment uncovered computers, external hard drives, disks, and CDs. Macaluso told police that all the computer equipment belonged to him. Police confirmed that Hobbs was not home on the day of one of the chats between Jason and Macaluso.

Both computers contained images of minor boys, but none of the images were of Jason. On one computer, experts found a folder in Macaluso's name with the screen name used to contact Jason. Jason's Facebook page was also "bookmarked." The two hard drives found contained documents belonging to Macaluso, and there was no evidence Hobbs accessed these drives. One of the hard drives contained 3,200 separate folders organized by name, usually by boys' names. These folders held pornographic images of boys, including Jason. After his arrest on state charges in connection with these images, Macaluso instructed his attorney to tell police that he alone was responsible and Hobbs was not involved.

Counts Five through Eight involved a thirteen-year-old boy named Zachary. According to the evidence at trial, Macaluso posed as a sixteen-year-old girl and exchanged sexual images with Zachary. Macaluso was very specific about the

3

images he wanted Zachary to send him. He instructed Zachary to take naked photos holding various signs. In one photo, Zachary held a sign reading "Happy Birthday Michael. I love you forever." This photograph was date-stamped on Macaluso's birthday. When Zachary later tried to end the relationship, Macaluso threatened to post the images on the internet. Zachary's parents found some of the photographs and contacted police, who traced the IP address to a home where Macaluso was staying. A search of the home found multiple computers and external hard drives. Experts uncovered images of Zachary on Macaluso's computer, which was password protected. Experts also found a collection of child pornography on one of the external hard drives. The two hard drives held over 3,000 folders, several of which contained photographs of Zachary. After Macaluso was indicted on federal charges, agents searched his offices and seized a laptop computer with links to Zachary's Myspace page.

II. The Trial

The government proffered transcripts of the instant messenger chats between Macaluso and the two victims. Macaluso objected to the evidence as unauthenticated, irrelevant, and hearsay. The court admitted the evidence because the victims were able to testify to the contents. The court also admitted, over Macaluso's objection, Exhibit 126, which consisted of screen shots from a web-

camera interaction between Macaluso and another person in which Macaluso and the name Michael were visible. The shots were sexual in nature and, during the video session, Macaluso instructed the young man to engage in sexual positions that were similar to the positions Jason and Zachary had used. The court concluded that the evidence was relevant because it was found on the same hard drive as the images of Zachary and thus could show usership. The court did not admit any images from the computer seized at Macaluso's office.

Macaluso called Tyler Fridley, who testified that he was with Macaluso on the night Macaluso allegedly sent some of the emails to Jason. Fridley stated that he had not seen Macaluso use a computer or cell phone that night.

The court instructed the jury that it could convict Macaluso if he "induced" a minor to engage in sexually explicit conduct. The court defined "induce" as "to stimulate the occurrence or to cause." The court did not use the term "knowingly." Macaluso objected on the ground that omitting the "knowingly" requirement constructively amended the indictment. The court overruled the objection. The jury convicted Macaluso of all counts.

III. Sentencing

In determining the applicable guideline range, the probation officer noted that the 18 U.S.C. § 2252A(a)(2)(A) counts were grouped together (Counts Two,

Three, Six, and Seven). The remaining counts under § 2251(a) (Counts One and Five) and § 2422(b) (Counts Four and Eight) could not be grouped. The probation officer applied two enhancements relevant to the issues on appeal: First, under U.S.S.G. § 2G2.1(b)(4), Macaluso faced an enhancement for sadistic conduct based on images of Jason penetrating himself with a screwdriver and candle. Second, under § 2G2.2(b)(3)(D), his guideline range was enhanced because he distributed child pornography to a minor to induce the victim to engage in illegal activity. The resulting guideline calculations resulted in a combined adjusted offense level of 47 and a criminal history category I, which yielded a range of life imprisonment.

Macaluso objected to the two enhancements listed above. The district court overruled the objections. In imposing sentence, the court stated that it had considered the sentencing factors in 18 U.S.C. § 3553(a) and the arguments on both sides. The court noted the "heinous" nature of the crimes and how serious the offenses were. The court considered the need to punish Macaluso, deter future conduct, offer rehabilitation, and protect the public. The court also considered disparity in sentences for similar crimes. Stating that a "substantial sentence is warranted in this case," the court sentenced Macaluso to 360 months' imprisonment on Counts One, Four, Five, and Eight, and 240 months'

imprisonment on the remaining counts, all to run concurrently.

IV. The Appeal

Macaluso now appeals, raising the following issues: (1) the evidence was insufficient to support his convictions; (2) the district court erred in admitting images of Macaluso engaging in a sexually explicit video-chat and images of child pornography that were unrelated to the charged conduct; (3) the court erred in denying his motion for a mistrial based on prosecutorial misconduct; (4) the court erred in admitting evidence of purported online communication between Macaluso and the victims because the messages were not properly authenticated; (5) the court erroneously instructed the jury on the elements of inducing a minor to produce pornography; and (6) the court erred in applying enhancements when calculating the guideline range. We address each issue in turn.

A.     Sufficiency of the Evidence[1]

We review *de novo* a district court's denial of a judgment of acquittal on sufficiency of the evidence grounds. *United States v. Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007). We "must view the evidence in the light most favorable to the government and decide whether a reasonable fact finder could have reached a

---

[1] Macaluso moved for judgment of acquittal at the close of the government's case-in-chief and again after he presented his defense. Thus, he has preserved his challenge to the sufficiency of the evidence.

conclusion of guilt beyond a reasonable doubt." *United States v. Herrera,* 931 F.2d 761, 762 (11th Cir. 1991).  We will not disturb a jury verdict "if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt."  *Id.*  The "evidence need not be inconsistent with every reasonable hypothesis except guilt, and the jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial."  *United States v. Hernandez*, 896 F.2d 513, 517 (11th Cir. 1990).

In order to convict Macaluso on Counts Four and Eight, attempt to induce a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b), the government must prove beyond a reasonable doubt that Macaluso: (1) intended to cause assent on the part of the minor to engage in the sexual activity and (2) took a substantial step toward causing such assent.  *United States v. Lee*, 603 F.3d 904, 914 (11th Cir.), *cert. denied*, 131 S.Ct. 437 (2010).  Additionally, the sexual activity must be one for which "any person can be charged with a criminal offense." 18 U.S.C. § 2422(b).  This includes the production of child pornography. 18 U.S.C. § 2427.  Further, under the relevant state law, it is unlawful for anyone to entice or coerce a minor to engage in "any sexually explicit conduct for the purpose of producing" child pornography.  O.C.G.A. § 16-12-100(b)(1).

As to Counts One and Five, inducement of a minor to engage in sexual activity for the purpose of producing child pornography in violation of 18 U.S.C. § 2251(a), that statute proscribes the same conduct as § 2422(b). *Lee*, 603 F.3d at 913; *United States v. Searcy*, 418 F.3d 1193, 1196-97 (11th Cir. 2005) (applying § 2251(a) case law to interpret § 2422(b) because "[b]oth statutes aim to criminalize the enticement of a minor to engage in sexual activity").

In order to convict Macaluso on Counts Two and Six, distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), the government must prove that he: (1) knowingly, (2) distributed, (3) child pornography, (4) in interstate commerce, (5) in the belief that it was child pornography. 18 U.S.C. § 2252A(a)(2)(A); *United States v. Acheson*, 195 F.3d 645, 653 (11th Cir. 1999).

Finally, in order to convict Macaluso on Counts Three and Seven, receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), the government must prove that he intentionally viewed, acquired, or received child pornography from an outside source, using any means or facility of interstate commerce. *United States v. Pruitt*, 638 F.3d 763, 766 (11th Cir.), *cert. denied*, 132 S.Ct. 113 (2011). Evidence that Macaluso sought out child pornography on the internet and had a computer or hard drive containing child pornography is circumstantial evidence that he knowingly received the images. *See id.*

9

Here, the district court properly denied Macaluso's motions for judgments of acquittal. From the evidence at trial, the jury reasonably could have concluded that Macaluso owned all of the seized computers and media storage devices, which the investigation showed to contain pornographic images of Jason and images that Macaluso had sent to Jason. A computer seized from Macaluso's apartment was used to access instant messaging accounts associated with Macaluso, Jason's Facebook profile, and the website where Jason and Macaluso first made contact. Moreover, a computer recovered from Macaluso's bedroom also was used to contact that victim. Other files stored on the devices—photographs of Macaluso and Hobbs, a document authored by Macaluso, and files associated with Macaluso's business—further established that Macaluso used the devices.

Additionally, the evidence showed that pornographic images Zachary sent to Macaluso were stored on the hard drives recovered from Macaluso's residence. In some of these images, Zachary held signs referencing "Michael." The government traced the screen name Macaluso used to the house where Macaluso was residing, and a search revealed hard drives containing additional pornographic images of Zachary and screenshots of a live video-chat between Macaluso and a young man. Further, Macaluso's computer, which was password-protected,

contained two instant messaging accounts associated with Macaluso and evidence that the user had contacted Zachary. This evidence was sufficient to show that Macaluso made and distributed child pornography, and that he intended to do so, as required to convict on Counts Two, Three, Six, and Seven.

Moreover, the victims testified about their communications with Macaluso and the jury had transcripts of at least one internet chat. This evidence permitted the jury to conclude that Macaluso attempted to induce the victims to engage in illegal sexual activity. The plain language of § 2422(b), as clarified by § 2427, includes the production of child pornography, and the record does not support Macaluso's conclusory argument that the victims were somehow not involved in the production of child pornography. Both victims testified that they, encouraged or coerced by Macaluso, created and shared sexually explicit images of themselves. Thus, the evidence was sufficient to convict Macaluso of Counts One, Four, Five, and Eight.

## B. Admission of Images

A district court's evidentiary rulings are reviewed only for abuse of discretion. *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009). An erroneous evidentiary ruling will not result in reversal where the error was harmless, meaning it did not substantially influence the outcome of the trial and

the jury's verdict was supported by sufficient untainted evidence. *United States v. Dickerson,* 248 F.3d 1036, 1048 (11th Cir. 2001).

Evidence is relevant if it has "any tendency" to make the existence of a material fact "more probable or less probable." Fed. R. Evid. 401. The district court may nonetheless exclude such evidence if its probative value is substantially outweighed by the danger of unfair prejudice to the defendant. Fed. R. Evid. 403. Rule 403 is an extraordinary remedy, which courts should employ "only sparingly since it permits the trial court to exclude concededly probative evidence." *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006) (quotation omitted). Accordingly, we view the disputed evidence "in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *Id.* (quotation omitted). We have also recognized that, in the context of child pornography cases, "the nature of the crime itself, and therefore the nature of the evidence tending to prove it, is emotionally charged" and Rule 403 should not be used to deprive the prosecution of "its most probative evidence." *Id.* at 1296.

Although the government generally may not offer evidence of the defendant's "other crimes, wrongs, or acts" to prove the defendant's bad character and to suggest that the defendant also committed the charged offense, such evidence is admissible if it is relevant to other material issues in the case. Fed. R.

Evid. 404(b); *United States v. Calderon*, 127 F.3d 1314, 1330 (11th Cir. 1997). Specifically, the evidence must be (1) relevant to an issue other than the defendant's character, (2) sufficient to support a finding that the defendant actually committed the extrinsic act, and (3) the probative value of the evidence must not be substantially outweighed by unfair prejudice. *Calderon*, 127 F.3d at 1330.

At issue is the court's admission of Exhibit 126—the video chat between Macaluso and an unidentified male. Viewing the evidence in the light most favorable to its admission, the district court did not abuse its discretion in admitting the exhibit. The evidence was probative of a disputed, material issue and was not unfairly prejudicial. Exhibit 126 was perhaps the strongest and most direct evidence that Macaluso created the images and, therefore, used the hard drive. This evidence was particularly probative of usership because it showed Macaluso engaged in live, one-on-one communication, making it unlikely that another person controlled the images and transferred them to the hard drive.

Additionally, the district court did not abuse its discretion in admitting the other images of child pornography. The images were similar to the ones created by the victims and thus tended to show that the user of the hard drives was the same individual. Although such images are inherently inflammatory, we cannot

13

conclude that the district court abused its discretion by admitting them.

        C.  Prosecutorial Misconduct

In opening statements at trial, the government stated that Macaluso was the "common thread" linking images recovered from two residences and that when he was arrested at his office, he had "yet again another computer . . . and lo and behold similar images of child pornography." Macaluso moved for a mistrial on the ground that the images found at his arrest were not part of the charged conduct. Alternatively, Macaluso requested the court advise the jury to disregard the statement. The court agreed to so instruct the jury. Macaluso objected to this resolution but also stated that he did not really want a mistrial.

Generally, we review *de novo* a prosecutorial misconduct claim because it is a mixed question of law and fact. *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006). We, however, are precluded "from reviewing an issue raised on appeal if it has been *waived* through the doctrine of invited error." *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009). The doctrine of invited error applies when a party induces or invites the district court into making an error, particularly where it "is not clear that the defendant was prejudiced thereby."

14

*United States v. Lewis*, 524 F.2d 991, 992 (5th Cir. 1975).[2]

Here, Macaluso invited any error, and thus we will not review his claim of misconduct. Macaluso asked the court to either declare a mistrial or to instruct the jury to disregard the prosecutor's comment. The court chose to offer curative instructions to the jury. Although Macaluso objected, the court had given him the relief he requested. Moreover, when the court asked for any specific objection to the instruction, Macaluso responded that he did not really want a mistrial.

### D. Authenticity of Evidence

Prior to trial, Macaluso moved to exclude evidence of his alleged online communications, arguing that the evidence had not been properly authenticated, as he denied sending or receiving the messages. The district court denied the motion, stating that testimony of another participant to the conversations would be sufficient to authenticate the evidence.

A district court's authentication rulings are reviewed for abuse of discretion. *United States v. Siddiqui*, 235 F.3d 1318, 1322 (11th Cir. 2000). Documents are not admissible at trial unless and until they are properly authenticated by evidence "sufficient to support a finding that the matter in question is what the proponent

---

[2] Decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

claims." Fed. R. Evid. 901(a). The proponent merely needs to present sufficient evidence to make out a *prima facie* case that the proffered evidence is what it purports to be. *United States v. Caldwell*, 776 F.2d 989, 1001-02 (11th Cir. 1985). Authentication may be accomplished through the testimony of a witness with knowledge. Fed. R. Evid. 901(b)(1); *United States v. Lanzon*, 639 F.3d 1293, 1301 (11th Cir.), *cert. denied*, 132 S.Ct. 333 (2011). We will not disturb a district court's determination that a particular piece of evidence has been appropriately authenticated unless there is no competent evidence in the record to support it. *Caldwell,* 776 F.2d at 1001.

Here, the district court did not abuse its discretion by admitting the online chats and emails because the victims' testimony that the government's exhibits accurately portrayed their online communications with Macaluso was sufficient to authenticate the evidence.

### E.  Jury Instructions

Ordinarily, we review *de novo* a challenge to a jury instruction. *United States v. Tokars*, 95 F.3d 1520, 1531 (11th Cir. 1996). A district court commits *per se* reversible error when the jury instruction alters the essential elements of the offense contained in the indictment and broadens the possible bases for conviction. *United States v. Keller*, 916 F.2d 628, 633-34 (11th Cir. 1990). Mere

surplusage in an indictment, however, may be deleted without any legal error. *United States v. Ward*, 486 F.3d 1212, 1227 (11th Cir. 2007).

Where the defendant molds his defense to rebut the *mens rea* alleged in the indictment, the district court may not instruct the jury on a lesser standard of culpability. *United States v. Cancelliere*, 69 F.3d 1116, 1122 (11th Cir. 1995). When the statute does not contain a knowledge requirement, its inclusion in the indictment is mere surplusage. *United States v. Deverso*, 518 F.3d 1250, 1258 n.2 (11th Cir. 2008) (noting that "Congress defines the elements of an offense, not the charging document" and referring to *Cancelliere* as an "exception to the general rule regarding surplusage in the indictment").

Here, Macaluso challenges the instructions given for Counts One and Five. But Macaluso invited any error. The court indicated that it would include "knowingly" in either all or none of its instructions to the jury, and Macaluso responded that he would "go without the knowingly." In any event, jury instructions for offenses under § 2251 need not include a "knowing" requirement, as the statute does not contain the term "knowingly." *See* 18 U.S.C. § 2251(a); *see also* Eleventh Circuit Pattern Jury Instructions Criminal 82 (2010).

F. Sentencing Enhancements

We review a district court's findings of fact under a clear error standard and

its legal conclusions *de novo*. *United States v. Jordi,* 418 F.3d 1212, 1214 (11th Cir. 2005). "For a factual finding to be clearly erroneous, this court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004) (quotation omitted).

### 1. § 2G2.1 enhancement

The sentencing guidelines provide for an enhancement in the base offense level if the offense involved images portraying "sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.1(b)(4). Sadistic conduct includes the infliction of pain or cruelty. *United States v. Hall*, 312 F.3d 1250, 1261 n.13 (11th Cir. 2002) (interpreting U.S.S.G. § 2G2.2(b)(3) (2001), which contains the same language as § 2G2.1(b)(4)). We presume that vaginal or anal penetration of a young child is necessarily painful and, thus, is sadistic. *Id.* at 1262-63; *United States v. Caro*, 309 F.3d 1348, 1352 (11th Cir. 2002).

Here, the district court properly applied the § 2G2.1(b)(4) enhancement. The evidence showed that the offense involved images portraying painful and humiliating sex acts. Jason testified at trial that he took photographs of himself performing sexual acts with a screwdriver and a candle. Likewise, Zachary took videos and photographs of himself "penetrating his anus with a sex toy, and

18

urinating on himself, and ejaculating on himself." Additionally, Macaluso stipulated at the sentencing hearing that the acts portrayed in the images were painful for one victim. Thus, there is no merit to Macaluso's argument that the enhancement would not apply.

### 2. § 2G2.2 enhancement

The guidelines also provide for an enhancement in the base offense level if the offense involved distribution of child pornography to a minor "that was intended to persuade, induce, entice, coerce the minor to engage in any illegal activity" other than activity "covered under subdivision (E)." U.S.S.G. § 2G2.2(b)(2)(D). Subdivision (E) provides for a seven-level sentence increase if the offense involved distribution to a minor "that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct." *Id.* at (b)(2)(E). This includes the production of child pornography. U.S.S.G. § 2A3.1 comment. (n.1) (definition incorporated by U.S.S.G. § 2G2.2 comment. (n.1)).

Here, based on the plain and ordinary meaning of the guidelines language, the district court properly applied the enhancement. Macaluso's sentencing objections were substantively the same as his motion at trial for judgments of acquittal on Counts Four and Eight, for which the jury ultimately convicted him.

19

The government presented evidence that Macaluso sent child pornography to the victims, and requested (and later insisted) that the victims create and send pornographic images of themselves in exchange. Additionally, Macaluso did not object to the PSI's statement that he sent child pornography in exchange for the victims' self-created images; thus, he has admitted this. *See United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005) (explaining that unobjected-to facts in a PSI are deemed admitted). Moreover, Macaluso's argument that the victims were not involved in the production of child pornography is contrary to the evidence in the record, including the testimony of both victims that they created sexually explicit images of themselves at Macaluso's behest.

V. Conclusion

Accordingly, we affirm Macaluso's convictions and sentences.

**AFFIRMED.**